UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BARON MONTERO JONES, | Civil No. 11-2501 (JNE/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's IFP application be denied, and that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner commenced this action by filing a self-styled pleading entitled "Writ of Audita Querela Pursuant To Fed.R.Civ.P. 60(b)." (Docket No. 1.) Although the title of Petitioner's pleading is somewhat exotic, the relief he is seeking in this case is quite commonplace. He is asking the Federal District Court to review and reverse a judgment that was entered against him in 2004 in a Minnesota state criminal case.

The state criminal case at issue stemmed from Petitioner's sexual encounter with a woman in October 2003. The woman apparently became intoxicated at a party, and some of her friends put her to bed. One of the friends later found Petitioner lying on top of

the woman, who appeared to be unconscious. Petitioner was then interviewed by a private security guard named Garcia. Unbeknownst to Petitioner, Garcia recorded the interview. The following day, Petitioner was interviewed again, this time by the police. After that second interview, Petitioner was charged with criminal sexual conduct.

Shortly before the start of Petitioner's trial, he learned for the first time that the Garcia interview had been recorded. Petitioner then moved to suppress the interview, because he had not been given a "<u>Miranda</u> warning" before the interview began. The trial court denied Petitioner's suppression motion, and the jury was allowed to hear the Garcia interview. The jury later found Petitioner guilty of three counts of criminal sexual conduct and one count of first degree burglary. Petitioner was sentenced to 72 months in prison, and he apparently spent several years in state prison. However, Petitioner was no longer in prison when he commenced the present action.

After Petitioner was convicted and sentenced, he filed a direct appeal. He raised several grounds for relief on appeal, including a challenge to the admissibility of the Garcia interview. However, the Minnesota Court of Appeals rejected all of Petitioner's claims, and affirmed his conviction. <u>State v. Jones</u>, No. A04-841 (Minn.App. 2005), 2005 WL 1088525 (unpublished opinion), <u>rev denied</u>, July 19, 2005.

In October 2005, Petitioner commenced an action here in the United States District Court for the District of Minnesota, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. <u>Jones v. Adair</u>, Civil No. 05-2427 (JMR/RLE), [hereafter "<u>Jones I</u>"]. Petitioner's habeas corpus petition listed three claims for relief. The third claim was presented as follows:

> "The conviction was obtained in violation of the Fourth Amendment, of unreasonable searches and seizures" [sic], because "the State ignored the Federal Statues [sic], for the procedure, for the application, of the receiving and the accepting of that electronic communication[,] [a]nd the Federal Exclusionary rule that goes along with that."

(Jones I, Habeas Corpus Petition, [Docket No. 1], p. (6), § 12.C.)

Petitioner filed a memorandum in support of his habeas petition in Jones I, which included numerous references to his Fourth and Fifth Amendment rights. (Id., [Docket No. 2].) The text of the memorandum did not include any mention of any federal statutes. However, several footnotes near the end of the memorandum included various unexplained citations to 18 U.S.C. §§ 2510 et seq., which are the federal statutes governing "Wire and Electronic Communications Interception and Interception of Oral Communications." Those statutes were enacted in 1968 by Pub.L. 90-351, Title III, and Petitioner has frequently referred to the statutes collectively as "Title III."

Jones I was referred to former Chief Magistrate Judge Raymond L. Erickson for a Report and Recommendation, ("R&R"). Magistrate Judge Erickson found that the second and third grounds for relief listed in Petitioner's habeas corpus petition were merely variant formations of a single Fourth Amendment claim.[1] All of the claims listed in the petition were

---

[1] As explained in the R&R:

"[T]he Petitioner seeks Habeas relief on the grounds that: 1) he was deprived of his constitutional right against self-incrimination when Garcia interrogated him without first providing a Miranda warning; 2) his conviction was obtained by a private actor who exceeded his ability to conduct a private search, thus rendering the search a State action; and 3) he was deprived of his constitutional right not to be subjected to an unreasonable search. Plainly, however, Grounds Two and Three can properly be treated as a single claim for relief – namely, that the Petitioner was deprived of his Federal constitutional right to be free of unreasonable searches by government agents." (R&R in Jones I, [Docket No. 13], p. 10.)

found to be without merit, and Magistrate Judge Erickson therefore recommended that Jones I be dismissed with prejudice.

Petitioner filed an objection to the R&R in Jones I, in which he vigorously promoted his "Title III" claims. (Jones I, "Objection to Report and Recommendation," [Docket No. 14].) Although Petitioner did not discuss any federal statutes in his habeas petition or supporting memorandum, Title III suddenly became the centerpiece of his objection to the R&R. (Id., pp. 3-6.) The objection caused the District Court Judge, former Chief District Court Judge James M. Rosenbaum, to conduct a de novo review of the record. Based on that review, Judge Rosenbaum adopted the R&R and ordered that Jones I be dismissed with prejudice. Petitioner tried to appeal that ruling, and he presented his Title III arguments once again when he applied for a Certificate of Appealability, ("COA"), under 28 U.S.C. § 2253. (Jones I, "Motion for Insurance [sic] of Certificate of Appealability," [Docket No. 18], p. 2.) However, Judge Rosenbaum denied Petitioner's request for a COA. (Jones I, Order dated February 1, 2007, [Docket No. 19].) The Eighth Circuit Court of Appeals also refused to grant Petitioner a COA, and his appeal was dismissed on June 13, 2007.

Petitioner later returned to the Minnesota state courts and challenged his 2004 criminal conviction in a state post-conviction motion. There, Petitioner contended that his conviction should be set aside based on several claims, including prosecutorial misconduct, ineffective assistance of counsel, faulty jury instructions, and judicial bias. The state trial court rejected all of Petitioner's post-conviction arguments, and that ruling was later upheld by the Minnesota Court of Appeals. Jones v. State, No. A07-799 (Minn.App. 2008), 2008 WL 2104870 (unpublished opinion). Petitioner did not seek further review in the Minnesota

Supreme Court.

After Petitioner's state post-conviction proceedings were completed in May 2008, he did not make any further effort to challenge his 2004 state criminal conviction until 2011. In February 2011, Petitioner brought a federal civil rights action under 42 U.S.C. § 1983, in which he attempted to sue a host of state and federal judges who had previously upheld his criminal conviction. Jones v. Redding, Civil No. 11-386 (JNE/AJB). That case was summarily dismissed, because most of the named Defendants were immune from suit under the doctrine of judicial immunity, and Petitioner failed to state an actionable claim against the other Defendants. In April 2011, Petitioner filed a self-styled "Writ of Error Coram Nobis" in federal court. Jones v. State of Minnesota, Civil No. 11-924 (JNE/AJB). That action was dismissed, because federal courts cannot review a state criminal conviction by means of coram nobis.

In the present action, Petitioner is once again attacking his 2004 state criminal conviction, this time using new terminology – "audita querela." However, Petitioner's invocation of audita querela does not open any new door that allows a federal district court to review his state court conviction. For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed.

R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (Emphasis added.)

In this case, subject matter jurisdiction does not exist because of the <u>Rooker-Feldman</u> doctrine, which was established by the Supreme Court's decisions in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). The "<u>Rooker-Feldman</u> doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." <u>Lemonds v. St. Louis County</u>, 222 F.3d 488, 492-93 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1183 (2001).

"The basis for the <u>Rooker/ Feldman</u> doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." <u>Dornheim v. Sholes</u>, 430 F.3d 919, 923 (8th Cir. 2005), <u>cert</u>. <u>denied</u>, 547 U.S. 1135 (2006). <u>Rooker-Feldman</u> bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005), <u>See</u> <u>also</u> <u>Robins v. Ritchie</u>, 631 F.3d 919, 925 (8th Cir. 2011) ("'[t]he basic theory of the Rooker–Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment'") (quoting <u>Dodson v. Univ. of Ark. for Med. Scis.</u>, 601 F.3d 750, 754 (8th Cir. 2010)); <u>In re Goetzman</u>, 91 F.3d 1173, 1177 (8th Cir.)

("[u]nder the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations"), cert. denied, 519 U.S. 1042 (1996).

Here, Petitioner is seeking federal judicial review of a final state court judgment – namely the conviction and sentence that was entered in his 2004 state criminal case. Petitioner contends that his conviction is invalid, because it was based on evidence that allegedly was obtained in violation of Title III, (18 U.S.C. §§ 2510 et seq.). He wants the federal court to review and overturn his conviction and sentence. That cannot be done, however, because of the Rooker-Feldman doctrine. Rooker-Feldman prohibits the federal district courts from entertaining cases in which the claimant seeks federal review of a final state court judgment. Such cases must be dismissed for lack of jurisdiction. Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008) ("[i]f the Rooker–Feldman doctrine applies, federal courts lack subject matter jurisdiction").

Petitioner's reference to "audita querela" cannot trump the Rooker-Feldman doctrine. Audita querela has been described as "an old common-law writ permitting a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992), quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973). See also Carrington v. United States, 503 F.3d 888, 890, n. 2 (9th Cir. 2007) ("Audita querela, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued").[2]

---

[2] The Court notes that Petitioner's current claims for relief are not based on any new facts, new law, or any other change of circumstances that did not arise until after he was

Audita querela, coram nobis, and some other common law writs, have been expressly "abolished" in federal <u>civil</u> cases by Fed. R. Civ. P. 60(e). However, the Supreme Court has held that another ancient writ, coram nobis, can be used, under certain very rare circumstances, to review a judgment in a <u>federal criminal</u> case. <u>United States v. Morgan</u>, 346 U.S. 502, 506, n. 4 (1954) (explaining that coram nobis, like the post-conviction remedy provided by 28 U.S.C. § 2255, is to be sought by a motion in a criminal case, so Rule 60 of the Federal Rules of Civil Procedure is not directly applicable). Relying on <u>Morgan</u>, some federal courts have concluded that audita querela might also be available, in very rare circumstances, as a means of post-conviction review <u>in federal criminal cases</u>. <u>See e.g.</u>, <u>United States v. Reyes</u>, 945 F.2d 862, 865 (5th Cir. 1991) ("because the Supreme Court in... [<u>Morgan</u>] held that the writ of coram nobis was still available in criminal proceedings, it is likely that Rule 60(b) did not abolish the writ of audita querela to the extent it might otherwise have been available to attack a criminal conviction"); <u>United States v. Torres</u>, 282 F.3d 1241, 1245, n. 6 (10th Cir. 2002) ("the Supreme Court held in... [<u>Morgan</u>] that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act," and like four other federal circuit courts, "we assume for purposes of this case only that a prisoner may [also] seek a writ of audita querela under the All Writs Act").

It is hardly surprising, however, that Petitioner has not identified any federal court case in which a final <u>state court</u> judgment has been reviewed by means of audita querela. Federal courts might, under very unusual circumstances, review a <u>federal</u> criminal

---

convicted. Therefore, even if Petitioner could somehow evade the <u>Rooker-Feldman</u> doctrine, he would not be eligible for any relief based on audita querela.

8

conviction based on audita querela, but the Court has been unable to find even one federal court case in which a state criminal conviction has been reviewed based on audita querela.

Again, Rooker-Feldman dictates that final state court judgments are not reviewable in a federal district court, except in habeas corpus actions brought under 28 U.S.C. § 2254. Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1156 (8th Cir.) ("[t]he United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions"), cert. denied, 552 U.S. 991 (2007). The federal habeas statute provides a unique means of seeking federal district court review of a state court judgment. Because Petitioner is not presently seeking habeas corpus relief under § 2254, the judgment entered against him in his state court criminal case is not reviewable in federal court.

The Court has considered whether Petitioner's current pleading could properly be treated as a habeas corpus petition and entertained as such. However, as Petitioner undoubtedly knows, his current pleading cannot be treated and entertained as a § 2254 habeas corpus petition, because the state court judgment at issue in this case has already been reviewed in a previous § 2254 action, namely Jones I. If the current pleading were construed to be a § 2254 petition, it would be a "second or successive" petition, which could not be entertained here without pre-authorization from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b). Furthermore, a new § 2254 habeas corpus petition could not be entertained at this late date, because it would be barred by the one-year statute of limitations that applies to such petitions. 28 U.S.C. § 2244(d)(1). Because Petitioner is not currently eligible for federal habeas review of his 2004 state court conviction, his current pleading cannot be construed to be a § 2254 habeas petition and entertained as such.

Petitioner is familiar with the restrictions on second and successive habeas corpus petitions, as well as the one-year statute of limitations, because they were pointed out in this Court's earlier Report and Recommendation in <u>Jones v. State of Minnesota</u>, Civil No. 11-924 (JNE/AJB).  It appears that Petitioner deliberately styled his current pleading as a "Writ of Audita Querela," rather than a § 2254 habeas corpus petition, in order to avoid the rules barring successive and belated habeas petitions.  However, Petitioner's pleading creativity cannot be rewarded.  He cannot magically overcome the procedural restrictions on federal habeas review, (as well as <u>Rooker-Feldman</u>), merely by incanting "audita querela."  See <u>United States v. Lambros</u>, 404 F.3d 1034, 1036 (8th Cir.) (<u>per</u> <u>curiam</u>) ("[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure"), <u>cert</u>. <u>denied</u>, 545 U.S. 1135 (2005); <u>see</u> <u>also</u> <u>Melton v. United States</u>, 359 F.3d 855, 857 (7th 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning....  Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.") (citations omitted).

Finally, the Court notes that the caption of Petitioner's pleading refers to Fed. R. Civ. P. 60(b), as well as audita querela.  It is therefore necessary to consider whether Petitioner might somehow be able to proceed in this matter under Rule 60(b).  Rule 60(b) authorizes a civil litigant to file a motion seeking relief from a judgment that has been entered in a

federal civil case.³  It is hard to fathom how Rule 60(b) could be applicable here, because Petitioner is presently seeking relief from a state criminal judgment – not a federal civil judgment.

Petitioner could, perhaps, argue that he is seeking relief from the judgment entered against him in Jones I.  However, Petitioner has not actually filed a Rule 60(b) motion in Jones I, but rather, he has initiated an entirely new action styled as a "writ of audita querela."  Furthermore, Petitioner has not identified any viable grounds for granting him any relief under Rule 60(b).  Beyond that, it is far too late for Petitioner to mount a Rule 60(b) challenge to the judgment entered in Jones I, because Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

It is unclear which clause of Rule 60(b) (if any) Petitioner might be attempting to

---

³ Fed. R. Civ. P. 60(b) provides as follows:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief."

invoke here, but it seems most likely that he would be relying on clauses (1),(2) or (3). (See n. 3, supra.) The deadline for seeking relief under any of those clauses expired on November 6, 2007 – one year after the judgment was entered in Jones I. Therefore, the Jones I judgment obviously cannot be reviewed under Rule 60(b)(1), (2) or (3).

Petitioner has not offered any argument for granting him relief pursuant to clauses (4), (5) or (6) of Rule 60(b), but even if he were to advance such an argument, it still would be too late to grant any relief under Rule 60(b). A request for relief under Rule 60(b)(4), (5), or (6) must be brought "within a reasonable time" after the judgment at issue was entered. What constitutes "a reasonable time" depends on the circumstances surrounding the motion. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). In this case, whatever grounds Petitioner might have for seeking relief from the judgment in Jones I were known to him five years ago when that judgment was entered. If Petitioner believed that Jones I was wrongly decided, and that the judgment should be set aside pursuant to Rule 60(b), he should have filed a Rule 60(b) motion in Jones I long ago. If Petitioner is now seeking relief from the Jones I judgment under Rule 60(b)(4),(5) or (6), he certainly did not act "within a reasonable time." See Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (habeas petitioner's 26-month delay in bringing Rule 60(b) motion was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932 (2002). Thus, the Court concludes that the claims advanced in Petitioner's present pleading cannot be entertained under Rule 60(b).

### III. CONCLUSION

For the reasons discussed above, the Court recommends that this action be summarily dismissed. It clearly appears that Petitioner is asking the Minnesota Federal

District Court to review and overturn a final state court judgment – namely his 2004 Minnesota state court conviction for criminal sexual conduct and burglary. However, the Rooker-Feldman doctrine bars federal district courts from reviewing final state court judgments, except in habeas corpus proceedings brought under 28 U.S.C. § 2254. Here, Petitioner is not seeking habeas corpus relief; he is requesting a "writ of audita querela" that would set aside his 2004 state criminal conviction. That request for relief must be summarily dismissed for lack of subject matter jurisdiction, pursuant to Rooker-Feldman.

Furthermore, Petitioner's current pleading cannot be construed as a habeas corpus petition, and entertained as such, because he is presently barred from seeking federal habeas review of his 2004 state criminal conviction by reason of the one-year statute of limitations, (28 U.S.C. § 2244(d)(1)), and the restrictions on second or successive habeas petitions, (28 U.S.C. § 2244(b)).

The Court has also considered whether Petitioner's current pleading might somehow be treated as a Rule 60(b) request for relief from the final judgment entered in Jones I. However, Petitioner has not articulated any specific grounds for seeking relief under any specific provision of Rule 60(b), and in any event, it is now much too late for him to seek relief under that Rule.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending IFP application be summarily denied.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED**.

Dated:   September 28, 2011

        s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 12, 2011.